# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| LOGAN LYNCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-CV-111-TWP-MCLC |
| ESCO JARNIGAN, WAYNE MIZE, and TERESA LAWS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2015, the Court entered a deficiency order requiring Plaintiff to pay the filing fee or submit the proper documents to proceed *in forma pauperis* [Doc. 4]. Plaintiff responded to the deficiency order on June 1, 2015, asserting that he provided a copy of the Court's order to several administrators and jail officials at the Hamblen County Jail, but that the jail officials failed to provide him with the necessary documents [Doc. 5 p. 1]. Then, on November 8, 2017, the Court entered an order directing Hamblen County Jail officials to ensure that the custodian of Plaintiff's inmate trust account complied with the order and provided Plaintiff with the necessary documents [Doc. 7]. Plaintiff's copy of that order, which was mailed to him at his last known address of the Hamblen County Jail, was returned as undelivered on November 17, 2017 [Doc. 7]. The Court subsequently learned that Plaintiff was no longer confined in the Hamblen County Jail as of April 2017 [Doc. 8].

Plaintiff bears the burden of prosecuting his action, which includes informing the Court of his correct mailing address. As Plaintiff has failed to apprise the Court of his current address,

neither the Court nor Defendants can communicate with him regarding his case. In fact, Local Rule 83.13 not only requires *pro se* litigants, such as Plaintiff, to file a written notice with the Clerk, but also requires written notice to be given to all parties, within fourteen days of any change of address. *See* E.D. Tenn. L.R. 83.13.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within fourteen (14) days of the change of address. E.D. Tenn. L. R. 83.13. The failure of a *pro se* party to timely respond to an order or pleading

addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Since the fault lies with Plaintiff, the first factor weighs in favor of dismissal.

The second factor does not weigh in favor of dismissal; as the Defendants have not been served, they have not been prejudiced by the delay. However, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

                                                            s/Thomas W. Phillips
                                    SENIOR UNITED STATES DISTRICT JUDGE